# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**STEPHEN SCHNEIDER**                                                                 **PETITIONER**
Reg. # 19941-031

**V.**                         **CASE NO. 2:18-CV-82-KGB-BD**

**GENE BEASLEY, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**                                                                **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Mr. Schneider may file written objections if he disagrees with the Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Schneider may waive any right to appeal questions of fact.

**II.    Background:**

Petitioner Stephen Schneider received a 360-month sentence in the Bureau of Prisons ("BOP") after a federal jury in the District of Kansas found him guilty of numerous counts of unlawful drug distribution, health care fraud, and money laundering. *United States v. Schneider*, 6:07-CR-10234-JTM-1 (D. Kan. July 10, 2010) (Docket entry

# 493 & 495). Mr. Schneider appealed his conviction and sentence to the Court of Appeals for the Tenth Circuit, which affirmed. *United States v. Schneider*, 704 F.3d 1287 (10th Cir. 2013), *cert. denied*, 570 U.S. 923 (2013).

Thereafter, Mr. Schneider filed a motion to vacate, set aside, or correct his sentence with the sentencing court under 28 U.S.C. § 2255.[1] *Schneider*, 6:07-CR-10234-JTM-1 (D. Kan. June 16, 2014) (#759). Following the Supreme Court's holding in *Burrage v. United States*, 571 U.S. 204 (2014), the sentencing court granted Mr. Schneider partial relief. *Id.* (#788); *United States v. Schneider* 112 F.Supp.3d 1197 (D. Kan. 2015). On resentencing, Mr. Schneider was again sentenced to 360 months' imprisonment; however, he was no longer ordered to pay restitution as originally sentenced. *Schneider*, 6:07-CR-10234-JTM-1 (D. Kan. Sept. 28, 2015) (#805). He was granted a certificate of appealability. (#808) On appeal, the district court's judgment was affirmed. *United States v. Schneider*, 665 Fed. Appx. 668 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1357 (2017).

Dissatisfied with the courts' findings, Mr. Schneider filed a second motion to vacate under §2255 with the sentencing court. *Schneider*, 6:07-CR-10234-JTM-1 (D. Kan. Jan. 4, 2018) (#837). By Order entered on February 14, 2018, his petition was denied without prejudice as successive, and no certificate of appealability issued. *Id.* (#841).

---

[1] Although the §2255 was assigned a civil case number, *Schneider v. United States*, 6:14-CV-1175, for ease of citation, the pleading, which was simultaneously docketed in his original case file, will be cited.

On June 11, 2018, Mr. Schneider, who is serving his sentence at the Federal Correctional Institution in Forrest City, Arkansas, filed a petition for writ of habeas corpus in this Court, under 28 U.S.C. § 2241. In his petition, he asserts that his previously filed §2255 petition was wrongly denied as successive, and he asks this Court to consider, *inter alia*, a myriad of ineffective-assistance-of-counsel claims and to grant him relief by vacating his conviction and sentence and ordering his immediate release. (#2 at 2)

### III. <u>Jurisdiction</u>:

The Court lacks jurisdiction to hear Mr. Schneider's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005)). A federal district court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added) The last clause is a provision generally referred to as §2255's "savings clause." *Abdullah*, 392 F.3d at 959.

A petitioner who wishes to be excepted from the requirement of filing with the sentencing court under § 2255 must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United*

3

*States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), *cert. denied*, 537 U.S. 869 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Moreover, a remedy under § 2255 remedy is not deemed inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected as a second or successive § 2255 petition, or because a § 2255 petition was time-barred. *Id*.

In this petition, Mr. Schneider clearly challenges his sentence. His direct appeal was unsuccessful; the sentencing Court granted, in part, his first § 2255 motion; and the sentencing Court denied his second motion because it was successive. Mr. Schneider has not shown that the § 2255 remedy is "inadequate or ineffective" so as to qualify under the statute's savings clause. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)) (§ 2255 motion is not inadequate or ineffective merely because the sentencing Court denied relief, or because the sentencing Court denied permission to file a second or successive petition).

Mr. Schneider should note that, because he has already challenged his conviction through an earlier federal habeas petition correctly filed in the sentencing court, before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Tenth Circuit authorizing the sentencing court in the district court of Kansas to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if a petitioner claims actual innocence in the second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without an order from the court of appeals

authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

## IV. Conclusion:

The Court recommends that Judge Baker DISMISS, without prejudice, Stephen Schneider's petition for writ of habeas corpus (#2) for lack of jurisdiction. The Court further recommends that Mr. Schneider's pending motion to proceed *in forma pauperis* (#1) be DENIED as moot and that Judge Baker deny a certificate of appealability.

DATED this 25th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).