IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

STEPHEN SCHNEIDER                                                        PETITIONER
Reg. #19941-031

v.                       Case No. 2:18-cv-00082-KGB

GENE BEASLEY                                                              RESPONDENT

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 3). Petitioner Stephen Schneider filed a motion for an extension of time to file objections to the Recommended Disposition (Dkt. No. 4). The Court grants his motion for extension of time (Dkt. No. 4). Mr. Schneider also filed objections to the Recommended Disposition and an addendum, both of which this Court considers (Dkt. Nos. 5, 6). After careful consideration of the Recommended Disposition, the objections, the addendum, and a *de novo* review of the record, the Court adopts the Recommended Disposition to the extent it concludes that the Court does not have jurisdiction to consider Mr. Schneider's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Dkt. No. 3). Because the Court concludes that it lacks subject matter jurisdiction, the Court denies as moot Mr. Schneider's motion for leave to proceed *in forma pauperis* (Dkt. No. 1).

The Court adopts the reasoning in the Recommended Disposition and writes separately to explain further its reasoning that it lacks jurisdiction. In 2010, Mr. Schneider was convicted on multiple counts and sentenced to 360 months in prison. *United States v. Schneider*, 6:07-CR-10234-JTM-1 (D. Kan. July 10, 2010) (Dkt. Nos. 493, 495). Mr. Schneider then filed an unsuccessful direct appeal to the Tenth Circuit Court of Appeals. *United States v. Schneider*, 704 F.3d 1287 (10th Cir. 2013), *cert. denied*, 570 U.S. 923 (2013). Mr. Schneider next filed a motion

to vacate his sentence pursuant to 28 U.S.C. § 2255, and the sentencing court granted Mr. Schneider partial relief by reinstating his 360-month sentence but eliminating his restitution requirement. *Schneider*, 6:07-CR-10234-JTM-1 (Dkt. Nos. 759, 788, 805).

After an unsuccessful appeal of the district court's grant of partial relief, Mr. Schneider filed a second motion to vacate pursuant to 28 U.S.C. § 2255, which the sentencing court denied on February 14, 2018, as a successive petition. *Schneider*, 6:07-CR-10234-JTM-1 (Dkt. Nos. 837, 841). The sentencing court denied Mr. Schneider a certificate of appealability as to the denial of his second § 2255 petition. *Schneider*, 6:07-CR-10234-JTM-1 (Dkt. No. 841). Mr. Schneider has presented no evidence to this Court that he appealed the denial of his second § 2255 petition or sought a certificate of appealability from the Tenth Circuit. Mr. Schneider then filed his present petition in this Court pursuant to 28 U.S.C. § 2241.

This Court does not have jurisdiction to consider Mr. Schneider's § 2241 petition. Federal law is clear that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255—in this case, the District of Kansas—and not in a habeas petition filed in the court where the petitioner is incarcerated—in this case, the Eastern District of Arkansas—under § 2241. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). Section 2255's "savings clause" does provide a narrow exception to this rule by providing that an application for relief under § 2255:

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The effect of this "savings clause" is that a federal prisoner may file a § 2241 petition challenging his federal sentence or conviction if he establishes that the remedy provided under § 2255 is otherwise inadequate or ineffective.

2

The question before the Court is whether Mr. Schneider has met his burden of demonstrating that § 2255 was inadequate or ineffective to test the legality of his conviction. *See Hill*, 349 F.3d at 1091 (noting that the prisoner has the burden of demonstrating that § 2255's savings clause applies). The Eighth Circuit Court of Appeals has held that:

> a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill*, 349 F.3d at 1091 (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (alterations in original) (citations omitted). Furthermore, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Id.* at 1092 (citing *Lurie*, 207 F.3d at 1077-78).

Mr. Schneider argues that, when the sentencing court dismissed his second § 2255 petition on the grounds that it was an unauthorized "second or successive"[1] petition, the sentencing court erroneously denied him a remedy under § 2255 (Dkt. Nos. 2, at 2; 5, at 2-5). According to Mr. Schneider, this means that he is entitled to proceed under § 2241 (Dkt. No. 5, at 3). In support of his argument that the sentencing court's denial of his second § 2255 motion was in error, Mr. Schneider cites to *Magwood v. Patterson*, 561 U.S. 320 (2010). There, the Supreme Court held that a petitioner's second § 2254 petition was not barred as "second or successive" because the second § 2254 petition did not challenge the same judgment as the original § 2254 petition. 561 U.S. at 324. Relying upon *Magwood*, Mr. Schneider argues that, because the sentencing court resentenced him and issued a new judgment, his second § 2255 motion is not barred (Dkt. No. 5,

---

[1] In order for a federal prisoner to bring a "second or successive" § 2255 motion, that motion must first be certified by the appropriate Court of Appeals. 28 U.S.C. § 2255(h).

3

at 3). Mr. Schneider argues that the sentencing court erroneously denied his second § 2255 motion, and therefore, "he should be allowed to proceed through the section 2241 gateway . . . ." (*Id.*).

The Court concludes that Mr. Schneider has failed to meet his burden of demonstrating that § 2255 relief is unavailable or ineffective to test the legality of his conviction. Assuming *arguendo* that the sentencing court erroneously dismissed Mr. Schneider's second § 2255 motion, it is not the case that § 2255 is "unavailable or ineffective to test the legality" of Mr. Schneider's conviction.[2] First, Mr. Schneider has not demonstrated any reason why his present argument concerning *Magwood* could not have been presented to the sentencing court. Further, Mr. Schneider has presented no evidence that he filed a notice of appeal of the sentencing court's denial of his second § 2255 motion or that he directly requested a certificate of appealability from the Tenth Circuit. In other words, it appears that Mr. Schneider could have raised the argument that he is entitled to a second § 2255 motion before the sentencing court or the Tenth Circuit, but he did not. As "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district," the Court concludes that Mr. Schneider has failed to show that his available remedies under § 2255 were inadequate or ineffective. *Hill*, 349 F.3d at 1092 (citation omitted)). Therefore, Mr. Schneider's petition for writ of *habeas corpus* is dismissed without prejudice for lack of jurisdiction (Dkt. No. 2)

It is therefore ordered that:

1.  The Court adopts the Recommended Disposition to the extent it recommends dismissal without prejudice of Mr. Schneider's petition for writ of *habeas corpus* (Dkt. No. 3)

---

[2] The Eighth Circuit has held that *Magwood* also applies to motions brought pursuant to § 2255. *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017).

2. The Court dismisses without prejudice Mr. Schneider's petition for writ of *habeas corpus* for lack of jurisdiction (Dkt. No. 2).

3. The Court denies as moot Mr. Schneider's motion to proceed *in forma pauperis* (Dkt. No. 1).

4. The Court grants Mr. Schneider's motion to extend time (Dkt. No. 4).

5. The Court denies Mr. Schneider a certificate of appealability.

So ordered this the 11th day of February, 2019.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Kristine G. Baker
　　　　　　　　　　　　　　　　　　　　United States District Judge